UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOE HOWARD MCCLAIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00105-JPH-DLP ) |
| MELODEE SUE DICKERSON, DENNIS ALEXANDER, HERMAN F. BUSSE Judge, JUDY PYNE Detective, BECK Prosecutor, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Plaintiff, Joe Howard McClain[1], an inmate at Wabash Valley Correctional Facility, filed this 42 U.S.C. § 1983 complaint alleging that Defendants violated his constitutional rights.

### I.  Granting *in forma pauperis* status

Mr. McClain's motion to proceed *in forma pauperis*, dkt. [2]; dkt. [3], is **GRANTED**.  *See* 28 U.S.C. § 1915(a).  While *in forma pauperis* status allows Mr. McClain to proceed without prepaying the filing fee, he remains liable for the full fees.  *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees.").  No payment is due at this time.

### II.  Screening

---

[1] Mr. McClain was convicted of rape in Allen County, Indiana on October 10, 1978.

1

**A. Screening Standard**

Because Mr. McClain is a prisoner as defined by 28 U.S.C. § 1915A(c), the Court must screen his complaint under 28 U.S.C. § 1915A(b). Under this statute, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**B. The Complaint**

The complaint is brought under 42 U.S.C. § 1983. The complaint names five defendants: (1) Melodee Dickerson; (2) Dennis Alexander; (3) Judge Herman Busse; (4) Prosecutor Beck; and (5) Detective Judy Pyne.

Mr. McClain alleges that Ms. Dickerson falsely told Detective Pyne that Mr. Dickerson had raped her. He alleges that Detective Pyne obtained an Affidavit of Probable Cause even though she knew that Mr. McClain committed

2

no crime. He further alleges that he was charged with rape and sodomy, the same charges that were dismissed in the previous year. Mr. McClain asserts that he was maliciously prosecuted in September 1978 even though he committed no crime.

### C. Discussion

Mr. McClain raises these same claims against Ms. Dickerson, Mr. Alexander, Judge Busse, and Prosecutor Beck in 2:20-cv-57-JRS-DLP (dkt. 1; dkt. 9). "The district court has broad discretion to dismiss a complaint "'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'" *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888–89 (7th Cir. 2012) (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)). "A suit is duplicative if the "'claims, parties, and available relief do not significantly differ between the two actions.'" *Id.* (quoting *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)). Therefore, any claims against these defendants are **dismissed without prejudice**.

In addition, any claim against Detective Pyne for obtaining a probable cause affidavit after knowing that Mr. McClain committed no crime must be dismissed. "Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or termination of) the violation." *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008); *see also Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) ("*Wallace v. Kato*, 549 U.S. 384 (2007), holds that *Heck* does not affect litigation about police conduct in the investigation of a crime . . .").

3

Indiana's two-year limitations period for personal injury suits applies to Section 1983 claims. *Johnson v. City of South Bend*, 680 F. App'x 475, 476 (7th Cir. 2017) (citing Ind. Code § 34-11-2-4; *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005)); *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013). The statute of limitations has run for any false arrest and unlawful search claims because it would have accrued two years after Mr. McClain's criminal trial occurred in 1978. Mr. McClain did not file this complaint until February 21, 2020. Dkt. 1. Accordingly, any false arrest or unlawful search claims against Detective Pyne must be **dismissed with prejudice**.

Furthermore, a malicious prosecution claim does not accrue until the criminal proceeding that gave rise to it ends in the plaintiff's favor. *Savory v. Cannon*, 947 F.3d 409, 427 (7th Cir. 2020) ("Without favorable termination, a plaintiff lacks 'a complete and present cause of action.'"); *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). Mr. McClain does not allege that he was acquitted of the rape charge. Accordingly, any malicious prosecution claim against Detective Pyne must be **dismissed without prejudice**.

### III. Conclusion

Mr. McClain's complaint therefore must be dismissed. He shall have through **June 22, 2020** to file an amended complaint or show cause why this

case should not be dismissed. If Mr. McClain does not do so, the Court will dismiss this case without further notice.

**SO ORDERED.**

Date: 5/21/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOE HOWARD MCCLAIN
14421
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838